1  DAVID M. PERNINI (*pro hac vice* pending)
   dpernini@wfslaw.com
2  JEFFREY N. WILLIAMS (SBN 274008)
   jwilliams@wfslaw.com
3  WARGO, FRENCH & SINGER LLP
   515 S. Flower St., 18th Floor
4  Los Angeles, CA 90071
   Tel: (310) 853-6300 | Fax: (310) 853-6333
5
6  Attorneys for Creditors
   Wingpow International Limited, Gary Ayckbourn, and Mark James Ayckbourn
7
8              **UNITED STATES BANKRUPTCY COURT**

9      **CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO VALLEY DIVISION**

10 | IN RE:                                          | Case No. 1:25-bk-11506-MB
11 |
   | BUDIMAN LEE,                                    | **MEMORANDUM OF POINTS AND**
12 | Aka Budi Man Lee and Calvin Spencer Lee,        | **AUTHORITIES IN SUPPORT OF**
   |                                                 | **STIPULATION FOR RELIEF FROM**
13 |              Debtor and                          | **AUTOMATIC STAY UNDER 11 U.S.C. §**
   |              Debtor-in-Possession.              | **362; AND MOTION FOR RELIEF FROM**
14 |                                                 | **AUTOMATIC STAY PURSUANT TO 11**
   |                                                 | **U.S.C. § 362(d)(1)**
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**MEMORANDUM ISO RELIEF FROM AUTOMATIC STAY**

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

Wingpow International Limited, Gary Ayckbourn, and Mark James Ayckbourn (collectively, "Creditors") seek the Court's approval of the Stipulation for Relief from Automatic Stay Under 11 U.S.C. § 362 (the "Stipulation") entered into by the Creditors and Budiman Lee aka Budi Man Lee and Calvin Spencer Lee ("Debtor") (together, the "Parties") attached hereto as Exhibit A.  The Debtor and Creditors are parties to an action styled *Line One Laboratories Inc. (USA) v. Wingpow International Limited, et al.*, that is pending in the United States District Court for the Central District of California, Western Division, Case No.: 2:22-cv-02401-RAO (the "Nonbankruptcy Action").  The Parties entered into the Stipulation in the interest of judicial economy and for the expediate and economical resolution of the Nonbankruptcy Action.  The Stipulation supports relief from the automatic stay for cause pursuant to Section 362(d)(1) of the Bankruptcy Code.  If approved, the Stipulation will modify the automatic stay under 11 U.S.C. § 362(a) to allow: (1) the Court in the Nonbankruptcy Action to rule on any post-judgment motions currently pending or that may be filed in the future; (2) the Court in the Nonbankruptcy Action to set the amount of the supersedeas bond, if one is requested; and (3) an appeal of the Nonbankruptcy Action to be processed and fully resolved by the Ninth Circuit Court of Appeals, if an appeal is taken.

**II.    RELEVANT BACKGROUND**

As set forth in the Stipulation, the Creditors and Debtor are parties in the Nonbankruptcy Action that is pending in the United States District Court for the Central District of California. Stipulation ¶ 1.  On April 18, 2025, the Court in the Nonbankruptcy Action entered Judgment against Debtor and in favor of Creditors in the collective sum of $6,900,000.00, in addition to post-judgment interest as provided by law.  *Id*. at ¶ 2.  On May 16, 2025, Debtor filed a Motion to Alter or Amend the Judgment under Federal Rule of Civil Procedure 59(e), a Motion for New Trial under Federal Rule of Civil Procedure 59(a), and a Motion for Renewed Judgment as a Matter of Law under Federal Rule of Civil Procedure 50(b) (collectively, "Debtor's Post-Judgment Motions") in the Nonbankruptcy Action.  *Id*. at ¶ 3.

1

**MEMORANDUM ISO RELIEF FROM AUTOMATIC STAY**

Thereafter, Creditors began efforts to execute upon the Judgment by, among other things, filing several actions against Debtor and affiliated parties under the Uniform Voidable Transfers Act as to three pieces of real property owned by Debtor prior to entry of the Judgment. *Id*. at ¶ 4. On May 23, 2025, Creditors recorded a Notice of Pendency of Action (Lis Pendens) with the Recorder's Office, Los Angeles County, California on the real property located at 3601 Vista Pacifica #17, Malibu, California 90265. *Id*. at ¶ 5. On May 23, 2025, Creditors recorded a Notice of Pendency of Action (Lis Pendens) with the Recorder's Office, Los Angeles County, California on the real property located at 17600 Dearborn Street, Northridge, California 91325. *Id*. at ¶ 6. On May 23, 2025, Creditors recorded a Notice of Pendency of Action (Lis Pendens) with the Recorder's Office, Los Angeles County, California on the real property located at 9600 Lurline Avenue, Chatsworth, California 91311. *Id*. at ¶ 7. On July 30, 2025, Wingpow International Limited recorded an Abstract of Judgment for $5,900,00.00 with the Recorder's Office, Los Angeles County, California. *Id*. at ¶ 8. On August 5, 2025, Gary Ayckbourn recorded an Abstract of Judgment for $500,000.00 with the Recorder's Office, Los Angeles County, California. *Id*. at ¶ 9. Also, on August 5, 2025, Mark James Ayckbourn recorded an Abstract of Judgment for $500,000.00 with the Recorder's Office, Los Angeles County, California. *Id*. at ¶ 10.

On August 19, 2025 (the "Petition Date"), Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, thereby commencing this bankruptcy case. *Id*. at ¶ 11. As of the Petition Date, the Court in the Nonbankruptcy Action had not yet issued a ruling on the Debtor's Post-Judgment Motions. *Id*. at ¶ 12. No supersedeas bond had been posted against the Judgment in the Nonbankruptcy Action as of the Petition Date. *Id*. at ¶ 13. Finally, as of the date of this filing, Debtor is indebted to the Creditors, collectively, in an amount no less than $6,900,000.00, in addition to post-judgment interest as provided by law. *Id*. at ¶ 14.

III.    **SUMMARY OF THE STIPULATION'S MATERIAL PROVISIONS**

The Parties are in the post-judgment phase of the Nonbankruptcy Action and are prepared to move forward with the Nonbankruptcy Action. *Id*. at ¶ 16. The Parties have entered into the Stipulation in an effort to avoid protracted litigation concerning the Creditors' right to relief from the automatic stay imposed by 11 U.S.C. § 362(a). *Id*. at ¶ 17. Debtor agrees that the Creditors are

**MEMORANDUM ISO RELIEF FROM AUTOMATIC STAY**

entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1). *Id*. at ¶ 18. Pursuant to the Stipulation, the Parties have agreed to modify the automatic stay under 11 U.S.C. § 362(a) to allow the Nonbankruptcy Action to be expeditiously and completely resolved. *Id*. at ¶ 19. Specifically, the Parties have agreed to modify the automatic stay to allow: (1) the Court in the Nonbankruptcy Action to rule on any post-judgment motions currently pending or that may be filed in the future; (2) the Court in the Nonbankruptcy Action to set the amount of the supersedeas bond, if one is requested; and (3) an appeal of the Nonbankruptcy Action to be processed and fully resolved by the Ninth Circuit Court of Appeals, if an appeal is taken. *Id*. at ¶ 20. Debtor agrees that the Stipulation is in the best interest of the estate, judicial economy and an exercise of sound business judgment as an alternative to costly and protracted litigation. *Id*. at ¶ 21. The Parties further agree that, given the advanced procedural posture of the Nonbankruptcy Action, the matter can be resolved more efficiently and with greater judicial economy in the nonbankruptcy forum. *Id*. at ¶ 22.

The Debtor agrees that the Stipulation does not waive the Creditors' right to seek any further and additional relief from the automatic stay, including but not limited to, filing a motion for relief from the automatic stay on alternative grounds. *Id*. at ¶ 23. The Parties also agree that the Stipulation does not waive any other rights, remedies, claims, actions, or defenses, which the Parties are or may be entitled to. *Id*. at ¶ 24.

IV.    **THE COURT SHOULD APPROVE THE STIPULATION FOR RELIEF FROM AUTOMATIC STAY.**

Under 11 U.S.C. § 362(a), the filing of a bankruptcy petition stays the continuation of a judicial action or proceeding against the debtor that was commenced before the commencement of the case under this title. Pursuant to 11 U.S.C. § 362(d)(1), however, the court may grant relief from the automatic stay "for cause." "A decision to lift the automatic stay under 11 U.S.C. § 362 is within the discretion of the bankruptcy judge and reviewed for an abuse of discretion." *In re Mac Donald*, 755 F.2d 715, 716-17 (9th Cir. 1985). "Because there is no clear definition of what constitutes 'cause,' discretionary relief from the stay must be determined on a case by case basis." *Id*. at 717.

**MEMORANDUM ISO RELIEF FROM AUTOMATIC STAY**

Additionally, Federal Rule of Bankruptcy Procedure 4001(d) permits a party to move for approval of a stipulation modifying or terminating the automatic stay imposed by Section 362 of the Bankruptcy Code.  Federal Rule of Bankruptcy Procedure 4001(d) governs the procedures for obtaining approval of such stipulations for relief of the automatic stay in 11 U.S.C. § 362. Bankruptcy courts routinely approve stipulations between debtors and creditors for relief from the automatic stay, recognizing the rights of parties to enter into consensual agreements to more efficiently resolve stay relief issues.  *See In re Marin Town Center,* 142 B.R. 374, 381-82 (N.D. Cal. 1992) (approving stipulation to stay relief and noting that the stipulation was not the product of the secured creditor's under influence over the debtor); *In re Seriosa*, 2016 WL 3478953, at *1 (Bankr. C.D. Cal. June 20, 2016) (observing that stipulations agreeing to relief from the automatic stay are enforceable as long they are properly noticed to creditors and approved by the court).  Moreover, courts will uphold stipulations so long as they have a valid legal basis and are voluntarily executed. *See In re Four Winds Enters., Inc.*, 87 B.R. 624, 630-31 (Bankr. S.D. Cal 1988) (upholding stay relief stipulation and noting "[t]he policy of the Court has been to enforce stipulations entered into voluntarily and in the absence of any mistake of fact." (citing *In re Springpark Assoc.*, 623 F.2d 1377, 1380 (9th Cir. 1980)); *see also In re Trans-Eagle Corp.*, 244 B.R. 146, 148 (Bankr. N.D. Cal. 1999) (finding "there was a valid legal basis for the stipulation between the parties," where a debtor entered into stipulation with a creditor as to validity of a security agreement, which was voluntarily executed by debtor seven days after the filing of its bankruptcy petition).

Here, the Debtor and Creditors have agreed to modify the automatic stay under the 11 U.S.C. § 362 to permit the Nonbankruptcy Action to be efficiently and swiftly resolved as permitted by Federal Rule of Bankruptcy Procedure 4001(d).  Stipulation ¶¶ 17, 22.  Debtor agrees that the Creditors are entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1).  *Id*. at ¶ 18. As evidenced by the Stipulation, Debtor and Creditors have voluntarily and actively negotiated the terms and purpose of the relief from the automatic stay under 11 U.S.C. § 362(a).  *Id*. at ¶¶ 17-25. The modification to the automatic stay is also sufficiently limited in scope as its purpose is to resolve the Nonbankruptcy Action without impeding the Debtor from proceeding with his bankruptcy petition or prejudicing the rights of other creditors of the Debtor.  *Id*. at ¶ 20.  Lastly, the

4

**MEMORANDUM ISO RELIEF FROM AUTOMATIC STAY**

avoidance of costly and protracted litigation in choosing to enter into the Stipulation instead of litigating stay relief issues is an efficient use of the Debtor and Creditors' resources and is within the sound business judgment of the Debtor. *Id*. at ¶¶ 17, 21-22.

**V.     CONCLUSION**

For the foregoing reasons, the Creditors respectfully request that this Court enter an Order approving the Stipulation for Relief from Automatic Stay Under 11 U.S.C. § 362 entered into by the Parties and granting the Motion for Relief from the Automatic Stay under 11 U.S.C. § 362(d)(1) to allow: (1) the Court in the Nonbankruptcy Action to rule on any post-judgment motions currently pending or that may be filed in the future; (2) the Court in the Nonbankruptcy Action to set the amount of the supersedeas bond, if one is requested; and (3) an appeal of the Nonbankruptcy Action to be processed and fully resolved by the Ninth Circuit Court of Appeals, if an appeal is taken. The Creditors attach a proposed form of Order as Exhibit B to this Motion, in accordance with Federal Rule of Bankruptcy Procedure 4001(d)(1)(A).

Dated:  September 4, 2025                WARGO, FRENCH & SINGER LLP

                                         By:    */s/ Jeff Williams*
                                                JEFFREY N. WILLIAMS


                                         Attorneys for Creditors
                                         Wingpow International Ltd., Gary Ayckbourn, and Mark
                                         James Ayckbourn

**5**
**MEMORANDUM ISO RELIEF FROM AUTOMATIC STAY**