DAVID M. PERNINI (admitted *pro hac vice*)
dpernini@wfslaw.com
JEFFREY N. WILLIAMS (SBN 274008)
jwilliams@wfslaw.com
WARGO, FRENCH & SINGER LLP
515 S. Flower St., 18th Floor
Los Angeles, CA 90071
Tel: (310) 853-6300 | Fax: (310) 853-6333

Attorneys for Creditors
Wingpow International Limited, Gary Ayckbourn, and Mark Ayckbourn

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| IN RE:<br><br>BUDIMAN LEE,<br>Aka Budi Man Lee and Calvin Spencer Lee,<br><br>Debtor and<br>Debtor-in-Possession. | Case No. 1:25-bk-11506-MB<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF AMENDED STIPULATION FOR RELIEF FROM AUTOMATIC STAY UNDER 11 U.S.C. § 362; AND MOTION FOR RELIEF FROM AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(1)** |

**MEMO**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Wingpow International Limited, Gary Ayckbourn, and Mark James Ayckbourn (collectively, "Creditors") seek the Court's approval of the Amended Stipulation for Relief from Automatic Stay Under 11 U.S.C. § 362 (the "Stipulation") entered into by the Creditors and Budiman Lee aka Budi Man Lee and Calvin Spencer Lee ("Debtor") (together, the "Parties") attached hereto as Exhibit A. The Debtor and Creditors are parties to an action styled *Line One Laboratories Inc. (USA) v. Wingpow International Limited, et al.*, that is pending in the United States District Court for the Central District of California, Western Division, Case No.: 2:22-cv-02401-RAO (the "Nonbankruptcy Action"). The Parties entered into the Stipulation in the interest of judicial economy and for the expediate and economical resolution of the Nonbankruptcy Action.

The Stipulation supports relief from the automatic stay for cause pursuant to Section 362(d)(1) of the Bankruptcy Code. If approved, the Stipulation will modify the automatic stay under 11 U.S.C. § 362(a) to: (a) Allow the Court in the Nonbankruptcy Action to consider and rule on the Debtor's Post-Judgment Motions and any further motions directly connected to Debtor's Post-Judgment Motions solely to the extent necessary for the Court in the Nonbankruptcy action to rule on the Debtor's Post Judgment Motions; provided, however, that any motions or other pleadings pertaining to the enforcement or execution of the Judgment, or that would create, affect the priority of, or otherwise perfect any lien in favor of Creditors, remain stayed; (b) Allow the Court in the Nonbankruptcy Action to set the amount of a supersedeas bond pertaining to the appeal of the Judgment, if one is requested; and (c) Allow an appeal and potential cross-appeal in the Nonbankruptcy Action to be processed, briefed and fully resolved by the Ninth Circuit Court of Appeals, if an appeal is taken.

## II. RELEVANT BACKGROUND

As set forth in the Stipulation, Debtor and Creditors are parties to the Nonbankruptcy Action. Stip. at ¶ 1. On April 18, 2025, the Court in the

Nonbankruptcy Action entered judgment against Debtor and in favor of Creditors in the collective sum of $6,900,000.00 in addition to post-judgment interest as provided by law ("the Judgment"). *Id.* at ¶ 2. The Judgment awarded Wingpow International Limited $5,900,000.00, Gary Ayckbourn $500,000.00, and Mark James Ayckbourn $500,000.00, in addition to post-judgment interest as provided by law. *Id.*

On May 16, 2025, Debtor filed a Motion to Alter or Amend the Judgment under Federal Rule of Civil Procedure 59(e), a Motion for New Trial under Federal Rule of Civil Procedure 59(a), and a Motion for Renewed Judgment as a Matter of Law under Federal Rule of Civil Procedure 50(b) (collectively, "Debtor's Post-Judgment Motions") in the Nonbankruptcy Action. *Id.* at ¶ 3. Debtor's Post-Judgment Motions seek to vacate the Judgment or, in the alternative, modify the Judgment to reduce the amount of the Judgment or clarify certain language in the Judgment. *Id.* Creditors have begun efforts to execute upon the Judgment by, among other things, filing several actions against Debtor and affiliated parties under the Uniform Voidable Transactions Act and for common law fraudulent transfer as to three pieces of real property and two companies, owned by Debtor and conveyed away prior to trial in the Nonbankruptcy Action (collectively, the "UVTA Actions"). *Id.* at ¶ 4. The UVTA Actions are detailed as follows:

    a.    On May 9, 2025, Creditors filed the action styled as *Wingpow International Limited, Gary Ayckbourn, and Mark James Ayckbourn v. Lurline Holdings, LLC,* which is pending in the United States District Court for the Central District of California and assigned Case No.: 2:25-cv-04207-HDV (RAOx). This action pertained to the real property located at 9600 Lurline Avenue, Chatsworth, California 91311 (the "Chatsworth Property");

    b.    On May 9, 2025, Creditors filed the action styled as *Wingpow International Limited, Gary Ayckbourn, and Mark James Ayckbourn v. Vista Pacifica Property Holdings, LLC,* which is pending in the United

           States District Court for the Central District of California and assigned Case No.: 2:25-cv-04209-HDV (RAOx). This action pertained to the real property located at 3601 Vista Pacifica #17, Malibu, California 90265 (the "Malibu Property");

    c.    On May 9, 2025, Creditors filed the action styled as *Wingpow International Limited, Gary Ayckbourn, and Mark James Ayckbourn v. Tjin A. Tan, Budi Man, and Calvin Spencer Lee a/k/a Budiman Lee,* which is pending in the United States District Court for the Central District of California and assigned Case No.: 2:25-cv-04211-HDV (RAOx). This action pertained to the real property located at 17600 Dearborn Street, Northridge, California 91325 (the "Northridge Property"); and

    d.    On July 3, 2025, Creditors filed the action styled as *Wingpow International Limited, Gary Ayckbourn, and Mark James Ayckbourn v. Budi Man,* which is pending in the United States District Court for the Central District of California and assigned Case No.: 2:25-cv-06092-HDV (RAOx). This action pertained to Debtor's 100% membership interests in Line One Laboratories LLC f/k/a Line One Laboratories Inc. (USA) ("Line One") and American Latex LLC f/k/a American Latex Corp ("American Latex").

*Id.* at ¶ 4.

    On May 23, 2025, Creditors recorded a Notice of Pendency of Action (Lis Pendens) with the Recorder's Office, Los Angeles County, California on the Malibu Property, Northridge Property, and Chatsworth Property. *Id.* at ¶¶ 5-7. On July 30, 2025, Wingpow International Limited recorded an Abstract of Judgment for $5,900,000.00 with the Recorder's Office, Los Angeles County, California. *Id.* at ¶ 8. On August 5, 2025, Gary Ayckbourn recorded an Abstract of Judgment for $500,000.00 with the Recorder's Office, Los Angeles County, California. *Id.* at ¶ 9.

On August 5, 2025, Mark James Ayckbourn recorded an Abstract of Judgment for $500,000.00 with the Recorder's Office, Los Angeles County, California. *Id.* at ¶ 10.

On August 19, 2025 (the "Petition Date"), Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, thereby staying both the Nonbankruptcy Action as well as the UVTA Actions. *Id.* at ¶ 11. As of the Petition Date, Debtor's Post-Judgment Motions had been fully briefed and heard by the Court in the Nonbankruptcy Action, but the Court had not yet issued a final ruling. *Id.* at ¶ 12. As of the Petition Date, no supersedeas bond had been posted against the Judgment in the Nonbankruptcy Action. *Id.* at ¶ 13. As of the date the Stipulation was entered, pursuant to the Judgment, the Debtor is indebted to Creditors, collectively, in an amount no less than $6,900,000.00, in addition to post-judgment interest as provided by law. *Id.* at ¶ 14.

### III.    SUMMARY OF THE STIPULATION'S MATERIAL PROVISIONS

The Parties are in the post-judgment phase in the Nonbankruptcy Action and are prepared to move forward with certain aspects of the Nonbankruptcy Action. *Id.* at ¶ 16. The Parties entered into the Stipulation to avoid protracted litigation concerning the Creditors' right to relief from the automatic stay imposed by 11 U.S.C. § 362(a). *Id.* at ¶ 17. Debtor and Creditors agree that the Creditors and Debtor, respectively, are entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1). *Id.* at ¶ 18. Accordingly, the Parties agreed to modify the automatic stay under 11 U.S.C. § 362(a), subject to stated limitations, to allow the Nonbankruptcy Action, and any appeal that might be taken from the Judgment in the Nonbankruptcy Action, to be expeditiously and completely resolved. *Id.* at ¶ 19.

Specifically, the Parties agreed to modify the automatic stay to extend solely to:

a.  Allow the Court in the Nonbankruptcy Action to consider and rule on the Debtor's Post-Judgment Motions and any further motions directly connected to Debtor's Post-Judgment Motions solely to the extent necessary for the Court in the Nonbankruptcy action to rule on the

                Debtor's Post Judgment Motions; provided, however, that any motions or other pleadings pertaining to the enforcement or execution of the Judgment, or that would create, affect the priority of, or otherwise perfect any lien in favor of Creditors, remain stayed;

    b.    Allow the Court in the Nonbankruptcy Action to set the amount of a supersedeas bond pertaining to the appeal of the Judgment, if one is requested; and

    c.    Allow an appeal and potential cross-appeal in the Nonbankruptcy Action to be processed, briefed and fully resolved by the Ninth Circuit Court of Appeals, if an appeal is taken.

*Id.* at ¶ 20.

    The Parties have stipulated, for clarification, that: (i) nothing in the Stipulation shall waive the right of either party to assert any arguments in the Nonbankruptcy Action, with respect to the propriety of any appeal or cross-appeal; (ii) the Bankruptcy Court retains exclusive jurisdiction to determine lien validity, priority, and enforceability vis-à-vis other creditors within the bankruptcy of the Creditors' claims in the Bankruptcy Case; and (iii) the automatic stay remains in place with respect to any and all efforts to execute on the Judgment, whether in the Nonbankruptcy Action or any other proceeding, including, but not limited to, collection efforts, post-judgment discovery, and prosecution of the UVTA Actions. *Id.* at ¶¶ 21-23.

    Debtor agrees that the Stipulation is in the best interest of the estate, judicial economy and an exercise of sound business judgment as an alternative to costly and protracted litigation. *Id.* at ¶ 24. The Parties further agree that, given the advanced procedural posture of the Nonbankruptcy Action, the matter can be resolved more efficiently and with greater judicial economy in the nonbankruptcy forum. *Id.* at ¶ 25. By entering into the Stipulation, the Parties are not waiving their rights to seek any further and additional relief from the automatic stay, including but not limited to, filing a motion for relief from the automatic stay on alternative grounds. *Id.* at ¶ 26.

## IV. ANALYSIS

Under 11 U.S.C. § 362(a), the filing of a bankruptcy petition stays the continuation of a judicial action or proceeding against the debtor that was commenced before the commencement of the case under this title. Pursuant to 11 U.S.C. § 362(d)(1), however, the court may grant relief from the automatic stay "for cause." "A decision to lift the automatic stay under 11 U.S.C. § 362 is within the discretion of the bankruptcy judge and reviewed for an abuse of discretion." *In re Mac Donald*, 755 F.2d 715, 716-17 (9th Cir. 1985). "Because there is no clear definition of what constitutes 'cause,' discretionary relief from the stay must be determined on a case by case basis." *Id.* at 717.

Additionally, Federal Rule of Bankruptcy Procedure 4001(d) permits a party to move for approval of a stipulation modifying or terminating the automatic stay imposed by Section 362 of the Bankruptcy Code. Federal Rule of Bankruptcy Procedure 4001(d) governs the procedures for obtaining approval of such stipulations for relief of the automatic stay in 11 U.S.C. § 362. Bankruptcy courts routinely approve stipulations between debtors and creditors for relief from the automatic stay, recognizing the rights of parties to enter into consensual agreements to more efficiently resolve stay relief issues. *See In re Marin Town Center,* 142 B.R. 374, 381-82 (N.D. Cal. 1992) (approving stipulation to stay relief and noting that the stipulation was not the product of the secured creditor's under influence over the debtor); *In re Seriosa*, 2016 WL 3478953, at *1 (Bankr. C.D. Cal. June 20, 2016) (observing that stipulations agreeing to relief from the automatic stay are enforceable as long they are properly noticed to creditors and approved by the court). Moreover, courts will uphold stipulations so long as they have a valid legal basis and are voluntarily executed. *See In re Four Winds Enters., Inc.*, 87 B.R. 624, 630-31 (Bankr. S.D. Cal 1988) (upholding stay relief stipulation and noting "[t]he policy of the Court has been to enforce stipulations entered into voluntarily and in the absence of any mistake of fact." (citing *In re Springpark Assoc.*, 623 F.2d 1377, 1380 (9th Cir. 1980)); *see also*

*In re Trans-Eagle Corp.*, 244 B.R. 146, 148 (Bankr. N.D. Cal. 1999) (finding "there was a valid legal basis for the stipulation between the parties," where a debtor entered into stipulation with a creditor as to validity of a security agreement, which was voluntarily executed by debtor seven days after the filing of its bankruptcy petition).

Here, Debtor and Creditors have agreed to modify the automatic stay under the 11 U.S.C. § 362 to permit the Nonbankruptcy Action to be efficiently and swiftly resolved as permitted by Federal Rule of Bankruptcy Procedure 4001(d). Debtor agrees that Creditors are entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1). As evidenced by the Stipulation, Debtor and Creditors have voluntarily and actively negotiated the terms and purpose of the relief from the automatic stay under 11 U.S.C. § 362(a). The modification to the automatic stay is also sufficiently limited in scope as its purpose is to resolve the Nonbankruptcy Action without impeding the Debtor from proceeding with his bankruptcy petition or prejudicing the rights of other creditors of the Debtor. Lastly, the avoidance of costly and protracted litigation in choosing to enter into the Stipulation instead of litigating stay relief issues is an efficient use of the Debtor and Creditors' resources and is within the sound business judgment of the Debtor.

## V.     CONCLUSION

For the foregoing reasons, Creditors respectfully request that this Court enter an Order approving the Stipulation and granting the relief summarized above and set forth in the Stipulation and proposed order attached hereto.

Dated:  September 30, 2025          WARGO, FRENCH & SINGER LLP

                                    By:  */s Jeffrey Williams*
                                         JEFFREY N. WILLIAMS


                                    Attorneys for Creditors
                                    Wingpow International Ltd., Gary Ayckbourn, and
                                    Mark Ayckbourn